UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FENWAY WIRE PRODUCTS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-1385-SEP |
| ) | |
| FEDERATED MUTUAL INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Strike Paragraph 17 of the Complaint, Doc. [16]. For the reasons set forth below, the motion is denied.

### BACKGROUND

This insurance dispute arises out of wind and hail damage that occurred to Plaintiff's property in 2021, during which time Plaintiff was insured through a policy with Defendant. *See* Doc. [1] ¶ 9. In the Complaint, Plaintiff includes a request for prejudgment interest pursuant to Mo. Rev. Stat. § 408.020. *Id*. ¶ 17. Mo. Rev. Stat. § 408.020 states that creditors are entitled to prejudgment interest for money owed under a written contract after such amount "become[s] due and payable." Defendant moves to strike Paragraph 17 of the Complaint, arguing that Plaintiff is not entitled to prejudgment interest because any amount that may ultimately be due under the insurance policy is not yet "due and payable." Doc. [17] at 2. Defendant also argues that Plaintiff has not properly pled that prejudgment interest is available in this matter because Plaintiff has failed to plead that it provided a "sworn proof of loss" to Defendant. Doc. [33] at 2.

### DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). But striking a party's pleading is a disfavored and extreme measure *Id.* (citation omitted). In ruling on a motion to strike, a court must construe the pleadings in the light most favorable to the nonmoving party and even where allegations are redundant or immaterial, they should be stricken "only if prejudicial to the moving party." *Gilbee v. RJW Transp., Inc.,* 2010 WL 4974863, at *2 (E.D. Mo. 2010); *see also*

*Morgan v. Midwest Neurosurgeons, LLC,* 2011 WL 2731534, at *1 (E.D. Mo. July 12, 2011). In short, motions to strike are disfavored and infrequently granted. *Gilbee,* 2010 WL 4974863, at *2 (citing 2 James W. Moore, *et al.,* Moore's Federal Practice § 12.37[3] (3d ed. 2009)).

Here, Defendant argues that Paragraph 17 should be stricken because Plaintiff is not entitled to receive prejudgment interest under the applicable statute and because Plaintiff has not adequately pled its right to such interest. Defendant does not explicitly assert that Paragraph 17 is immaterial,[1] but the Court takes that to be the gravamen of its argument. But even assuming that the allegations in Paragraph 17 are immaterial, there has been no showing that their inclusion in the Complaint is prejudicial to Defendant. In fact, Missouri law does not apparently require that Section 408.020 prejudgment interest be specifically pled for such relief to be available. *See Gibson v. Musil*, 844 F. Supp. 1579, 1582 (W.D. Mo. 1994) ("[T]his Court holds that Section 408.040 prejudgment interest need not be specifically pled."). Therefore, the Court declines to take the extreme measure of striking Paragraph 17 from the Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Paragraph 17 of the Complaint, Doc. [16] is **DENIED**.

Dated this 31st day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in Defendant's motion implies that Paragraph 17 is redundant, impertinent, or scandalous.